IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CR147 |
| | ) | |
| vs. | ) | |
| | ) | **PRELIMINARY ORDER** |
| LEANDRO LOPEZ-HUERTA, and | ) | **OF FORFEITURE** |
| THOMAS JUAREZ-LOPEZ, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes on before the Court upon the United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 54). The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. The Defendants have entered into Plea Agreements whereby they have agreed to plead guilty to Count I and the Forfeiture Allegation of the Indictment filed herein. Count I charged the Defendants with conspiracy to counterfeit and possession of counterfeit visas, permits and other documents, in violation of 18 U.S.C. §§ 371 and 1546(a). The Forfeiture Allegation of said Indictment sought the forfeiture, pursuant to 18 U.S.C. § 982(a)(6), of all property, real or personal, involved in the offenses and any property traceable to such property, including $8,200.00 in United States currency. The Forfeiture Allegation also sought the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

2. By virtue of said guilty plea, the Defendants forfeit their interest in the above-described property, and the United States should be entitled to possession of said property, pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982(b)(1).

3. The United States' Motion for Issuance of Preliminary Order of Forfeiture should be sustained.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

A. The United States' Motion for Issuance of Preliminary Order of Forfeiture is hereby sustained.

B. Based upon the Forfeiture Allegation of the Indictment and the Defendants pleas of guilty, the United States is hereby authorized to seize the $8,200.00 in United States currency.

C. The Defendants' interests in said property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 18 U.S.C. § 982(b)(1).

D. The aforementioned property is to be held by the United States in its secure custody and control.

E. Pursuant to 18 U.S.C. § 982(b)(1) and 21 U.S.C. §853(n)(1), the United States forthwith shall publish for at least thirty consecutive days on an official Government internet site, [www.forfeiture.gov](www.forfeiture.gov), notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in any of the subject property must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F. Said published notice shall state the Petition referred to in Paragraph E, above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the property, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject property and any additional facts supporting the Petitioner's claim and the relief sought.

G. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property subject to this Order as a substitute for published notice as to those persons so notified.

H. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. § 982(b)(1), in which all interests will be addressed.

ORDERED this 10th day of October, 2012.

**BY THE COURT:**

**s/ Joseph F. Bataillon**
**United States District Court Judge**